PS 8
(Rev. 5/2020)

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 17 2022

TAMMY H. DOWNS, CLERK
By: 
                                    DEP CLERK

U.S.A. vs. Jason Patrick Jackson         Docket No. 0860 4:20CR00267-LPR-11

**Petition for Summons for Person Under Pretrial Supervision**

      COMES NOW Jordan J. Riggs, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Jason Patrick Jackson, who was placed under pretrial release supervision by the Honorable Patricia S. Harris sitting in the Court at Little Rock, Arkansas, on October 6, 2020, under the following conditions:

(1)    The defendant must not violate federal, state, or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)    The defendant must sign an Appearance Bond, if ordered.

(7)    The defendant must:
(a) submit to supervision and report for supervision to the U.S. Probation Office.
(b) continue or actively seek employment.
(g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.
(h) get medical or psychiatric treatment: mental health evaluation and treatment at the direction of pretrial services.
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.
(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.

(s) maintain regular contact with his/her attorney, not less than every two weeks.

On October 21, 2021, the defendant's conditions were modified requiring him to reside at a chemical-free living facility until all federal charges are resolved.

On November19, 2021, the defendant's conditions were modified to allow him to leave chem-free housing on the morning of November 25, 2021, and return that same day, no later than 10:00 P.M.

Jury trial is set for March 29, 2022, before the Honorable Lee P. Rudofsky, U.S. District Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**Description of apparent violations:** On March 4, 2022, the defendant was terminated the from the Recovery Centers of Arkansas chemical-free living facility as a program failure, for submitting a presumptively positive urine test for methamphetamine.

On March 9, 2022, the defendant verbally admitted to using methamphetamine on March 7, 2022.

**Description of prior violations:** On January 27, 2021, the defendant submitted a urine specimen which tested and confirmed diluted and positive for amphetamine and methamphetamine.

On March 9, 2021, the defendant submitted urine specimen which tested and confirmed positive for amphetamine and methamphetamine. Furthermore, the defendant verbally admitted to new drug use prior to this collection.

On March 10, 2021, the defendant submitted a urine specimen which tested and confirmed diluted and positive for amphetamine and methamphetamine. Furthermore, the defendant verbally admitted to new drug use prior this collection.

April 26, 2021, the defendant verbally admitted to using methamphetamine on March 18, 2021.

On June 30, 2021, the defendant submitted a diluted urine specimen not consistent with normal human urine which tested and confirmed positive for amphetamine and methamphetamine. Furthermore, on August 16, 2021, the defendant admitted he used methamphetamine on or about June 25, 2021, and signed an admission form.

On July 27, 2021, the defendant failed to report for a scheduled drug test.

On August 16 and 18, 2021, the defendant submitted urine specimens which tested and confirmed diluted and positive for amphetamine and methamphetamine. Furthermore, the defendant signed an admission form admitting use on or about August 15, 2021.

On August 31, 2021, the defendant failed to report for a scheduled drug test.

On September 21, 2021, the defendant signed admission form admitting methamphetamine use on September 6, 2021.

On September 21, 2021, the defendant submitted a urine specimen which tested and confirmed positive for amphetamine and methamphetamine.

On November 16, 2021, the defendant submitted a urine specimen which tested and confirmed positive for amphetamine and methamphetamine.

On January 19, 2022, the defendant failed to attend outpatient mental health treatment at Recovery Centers of Arkansas.

On January 19, and 25, 2022, the defendant failed to submit urine specimens.

On January 28, 2022, the defendant submitted a urine specimen which tested and confirmed positive for amphetamine and methamphetamine. Furthermore, on the same date, the defendant provided a verbal admission stating he used methamphetamine on January 26, 2022.

**Actions taken to bring the defendant into compliance were as follows:** The defendant has participated in outpatient mental health substance abuse treatment programs at Mid-South Health Systems and Recovery Centers of Arkansas. The defendant participated in the Incura intensive outpatient mental health and substance abuse treatment program and successfully completed residential substance abuse treatment at Recovery Centers of Arkansas on October 26, 2021. On January 28, 2022, the defendant reentered residential substance abuse treatment at Recovery Services of Arkansas as a self-pay client.

**Defendant's compliance with release conditions:** On March 10, 2022, the defendant was arrested by the St. Francis County, Arkansas Sherriff's Office for a Arkansas state probation case no. 43CR17-411. A bond is set is for $2,500. The warrant was issued because the defendant failed to report to his probation officer. He last reported to Arkansas Community Corrections in July 2021.

**OFFICER'S RECOMMENDATION:**

It is respectfully requested that a summons be issued, and the defendant appear for a show-cause hearing to determine if bond should be revoked.

| | |
|---|---|
| **I declare under penalty of perjury that the foregoing is true and correct.** | The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion. |
| Jordan J. Riggs<br>U.S. Probation Officer | Chris Givens<br>Assistant U.S. Attorney |

3

Executed on   March 10, 2022                 Executed on   3/15/22

Approved by:

_____
Supervising U.S. Probation Officer


c:     The Honorable Lee P. Rudofsky, U.S. District Judge
       The Honorable Patricia S. Harris, U.S. Magistrate Judge